Mary Ann SMITH, surviving spouse of Charles Scott Smith, deceased, Appellant,

v.

ORAL ROBERTS UNIVERSITY, a corporation; the Directory Associates, Ltd., a limited partnership; the City of Tulsa, a municipal corporation; and Eleanor L. Davis, Appellees.

No. 62785.

Supreme Court of Oklahoma.

Dec. 9, 1986.

As Modified on Rehearing Feb. 3, 1987.

Gary A. Eaton, Tulsa, for appellant.

Martha Rupp Carter, Asst. City Atty., City of Tulsa, for appellee, the City of Tulsa.

Richard M. Eldridge, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for appellees, Oral Roberts University and The Directory Associates, Ltd.

ALMA WILSON, Justice:

Certiorari to the opinion of the Court of Appeals was granted only on petition of the appellee, City of Tulsa, to consider whether the Political Subdivision Tort Claims Act, 51 O.S. 1981 § 151, *et seq.*, exempts the City of Tulsa from liability in this wrongful death action.

■ The widow of Charles Smith alleged in the alternative that her husband's death was the result of the City's failure to remove or to require the removal of vegetation, located on private property. This vegetation, on the date of her husband's death, purportedly obstructed the view of motorists on the Tulsa streets forming the intersection at which the fatal accident occurred. The City of Tulsa interposed a special demurrer to the widow's petition, invoking exemptions provided by the Political Subdivision Tort Claims Act. The trial court sustained the City's demurrer and the Court of Appeals reversed. We reverse and vacate that part of the Court of Appeals opinion as it relates to the special demurrer of the City of Tulsa.

■ Section 155 of the Political Subdivision Tort Claims Act, *supra,* in relevant part, states:

"A *political subdivision* or an employee acting within the scope of his employment *shall not be liable if a loss results from:*

4. Adoption or enforcement of or *failure to* adopt or *enforce a law,* whether valid or invalid, *including* but not limited to, any charter provision, *ordinance,* resolution, rule, regulation or written policy; ..." [Emphasis ours.]

In the case now before us the City of Tulsa, no doubt, could have removed or required the removal of the offending vegetation on private property under the auspices of its local nuisance ordinances had it been apprised of the condition. However, the City is without liability as regards adoption, enforcement or failure of its ordinance. The applicability of statutory exemption, *supra,* entitled the City to the sustainment of its demurrer as it related to the alternative pleading of appellant's first amended petition alleging liability on the part of the City for the failure to remove or require the removal of the visual obstruction from private property. The first amended petition, however, is sufficient to state a theory upon which relief might be

granted insofar as it alleges liability for the negligent maintenance of a dangerous condition on the part of the City on land possessed and/or controlled by the City.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF APPEALS REVERSED AS TO PART III; JUDGMENT OF TRIAL COURT SUSTAINING DEMURRER AS TO CITY OF TULSA AFFIRMED IN PART, REVERSED IN PART AND CAUSE REMANDED.

HARGRAVE, V.C.J., LAVENDER, OPALA, WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES and SIMMS, JJ., dissent.